UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SEAN DEMPSEY,<br><br>Plaintiff,<br><br>v.<br><br>COMPREHENSIVE CORRECTIONAL CARE (CCC),<br>SHEILA RICE,<br><br>Defendants. | ) | No. 2:25-cv-00288-JPH-DML |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Sean Dempsey filed this action on June 16, 2025, contending that his constitutional rights were violated while he was incarcerated at the Vigo County Jail. Mr. Dempsey alleges that Defendants Sheila Rice and Comprehensive Correctional Care ("CCC") failed to provide medical care for a severe allergic reaction on June 8, 2025. Dkt. 1; dkt. 15. Defendants move for summary judgment arguing that Mr. Dempsey failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. The motion for summary judgment, dkt. [38], is **GRANTED** and the action is **DISMISSED without prejudice.**

## I.
## Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ.

P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

### A. The Jail's Grievance Process

The Jail has an inmate grievance program that provides an opportunity for the facility to investigate and respond to inmates' grievances. Dkt. 40-1 ¶ 6

(Funk Aff.). The Grievance Policy is available to inmates as part of the Jail's Handbook on the video visitation terminals and in the dayroom of each pod. *Id.* ¶ 8.

During the relevant period, the grievance process consisted of four steps: (1) filing a grievance form with the Jail Officer; (2) attempting to resolve the grievance with the Jail Officer; (3) if the attempt at resolution was unsuccessful, submitting a written grievance form or filling out a grievance form via the video visitation terminal; and (4) if the response to the grievance form was unsatisfactory, appealing the reply to the grievance to the Jail Administrator within five days. *Id.* ¶ 6; dkt. 40-1 at 25. Successful exhaustion of the grievance process requires timely pursuing each step of the process. *Id.* ¶ 7.

**B. Plaintiff's Participation in the Grievance Process**

Jail Commander Charles Funk oversees the grievance process at the Jail and has access to the computer records and files of all inmate grievances. *Id.* ¶ 4. Upon reviewing Mr. Dempsey's grievance records, Commander Funk did not find any requests, grievances, or appeals relating to Defendants' deprivation of medical care for an allergic reaction on June 8, 2025. *Id.* ¶¶ 11–12; *see also* dkt. 40-1 at 316–420 (Dempsey 2025 grievances).

## III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they

allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Dempsey] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016).

The undisputed designated evidence shows that Mr. Dempsey did not exhaust the available administrative remedies before filing this lawsuit. Mr. Dempsey argues that the grievance process did not apply to him because he was housed in the medical ward of the Jail, where he was in his cell for 23 hours a day. *See* dkt. 43. The designated grievance policy, however, does not state that it applies to only inmates in general population and Mr. Dempsey has produced no evidence showing that he was exempt from the policy. *See* dkt. 40-1 at 25. Moreover, Mr. Dempsey's grievance records demonstrate that he filed several

grievances while housed in the medical ward. In fact, several of the grievances from May and June of 2025 reference his location in "medical 23-1." *See* dkt. 40-1 at 381, 384, 415. The fact that Mr. Dempsey was able to file grievances during the same time period as the events in this lawsuit shows that the process was available to him and that he knew how to use it. *See, e.g., Gakuba v. Henderson*, 2022 WL 17436513, at *2 (7th Cir. Dec. 6, 2022) (affirming summary judgment where the plaintiff "showed through his repeated filing of grievances at this time that he was physically able to pursue administrative remedies").

In short, Mr. Dempsey did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. In light of 42 U.S.C. § 1997e(a), Mr. Dempsey's claims against Defendants must be dismissed without prejudice. *Id*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

**IV. Conclusion**

Defendants' motion for summary judgment, dkt. [38], is **GRANTED**. Judgment dismissing this action without prejudice shall now issue.

**SO ORDERED.**

Date: 11/2/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SEAN DEMPSEY
2609 Park Street
Terre Haute, IN 47803

All ECF-registered counsel of record